UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANDRE THOMPSON, ) | CASE NO. 1:12 CV 2846 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ANGELA HUNSIGER, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

INTRODUCTION

On November 15, 2012, *pro se* plaintiff Andre Thompson, an inmate at the Southern Ohio Correctional Facility, filed the above-captioned action under 42 U.S.C. § 1983 against Angela Hunsiger and Onray Smoot. Plaintiff asserts he was unfairly disciplined for fighting while he was incarcerated at the Mansfield Correctional Institution ("MANCI"). In particular, he alleges that after a "small riot" at MANCI, Hunsiger falsely claimed she viewed plaintiff on a surveillance camera fighting with two other inmates. Plaintiff contends Hunsiger lied about seeing him fighting on the surveillance camera because Plaintiff is under 30 years of age and African American, and is believed by prison officials to be a member of the Heartless Felons gang. He seeks monetary damages and an injunction transferring him to a prison closer to Cleveland, Ohio. For the reasons below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or

fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

## LAW AND ANALYSIS

While plaintiff does not set forth specific constitutional bases for his claims, the court liberally construes the complaint as seeking to assert violations of due process and equal protection. Even construing the complaint liberally in a light most favorable to the plaintiff, however, it does not contain allegations reasonably suggesting he might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

A. Due Process

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

Prisoners have narrower liberty interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The question of what process is due is reached only if the inmate establishes the deprivation of a constitutionally protected liberty interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The Due Process Clause alone does not confer a liberty interest in freedom from state actions within the sentence imposed upon the inmate. *Sandin*, 515 U.S. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id.* at 485. There is no general liberty interest in avoiding transfer to more adverse conditions of confinement. *Wilkinson*, 545 U.S. at 221. A prison disciplinary proceeding therefore does not give rise to a protected liberty interest unless the restrictions imposed as a result of the hearing constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Plaintiff fails to state a claim for violation of due process. There are simply no allegations to support a conclusion that he might have been subjected to the imposition of "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

B. Equal Protection

In making an equal protection challenge, a plaintiff bears the initial burden of demonstrating that a discrimination of some substance has occurred against him which has not occurred against other individuals who were similarly situated. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Clements v. Flashing*, 457 U.S. 957, 967 (1982). Even liberally construed, the complaint's conclusory allegations of discrimination based on race, age and perceived gang member status do not meet this burden.

CONCLUSION

-3-

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                            */s/Dan Aaron Polster 2/20/13*
                                            DAN AARON POLSTER
                                            UNITED STATES DISTRICT JUDGE